IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** § § § | |
| **Plaintiff,** § § | |
| v. § | **CIVIL ACTION NO. 4:20-cv-4224** |
| § | |
| **REHAB MED-CARE, LLC** § **D/B/A REHAB MED CARE** § § | |
| **Defendant.** § | **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT OF THE
## UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NATURE OF THE ACTION

1.   This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act (ADA), and the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Charging Party Veronica E. Diaz ("Diaz" or "Charging Party"). As alleged with greater particularity in paragraphs 17-25 below, Defendant Rehab Med-Care, LLC d/b/a Rehab Med Care has engaged in unlawful discrimination by retaliating against Diaz, by excluding her from the workplace and terminating her, because she filed a charge of discrimination with the Equal Employment Opportunity Commission ("Commission").

### JURISDICTION AND VENUE

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), Section 107(a) of the Americans with Disabilities Act of

1

1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

5. At all relevant times, Rehab Med-Care, LLC d/b/a Rehab Med Care (hereinafter "Rehab Med Care" or "Defendant") has continuously been a Texas company with its principal address at 8313 Southwest Freeway, Suite 106, Houston, Texas 77074, doing business in the State of Texas, in the City of Houston, County of Harris, and has continuously had, or during the relevant time period had, at least fifteen (15) employees

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h), and Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. Defendant's registered agent for service of process is Shirley P. Ragasa, 8313 Southwest Freeway, Suite 106, Houston, Texas 77074.

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Diaz filed a charge of discrimination with the Commission alleging violations of Title VII and the ADA by Defendant.

10. On June 19, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the ADA were violated. The Commission then invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On September 16, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Rehab Med Care is a for-profit company that offers Home Health Services, including nursing, physical therapy, occupational therapy, speech pathology, medical social, and home health aide.

16. Diaz became employed on or about August 29, 2016 as Defendant's Receptionist and Administrative Assistant.

17. Since at least August 2019, Defendant has engaged in unlawful employment practices, including at the address of 8313 Southwest Freeway, Suite 106, Houston, TX 77074, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), and Section 503(a) of the ADA, 42 U.S.C. § 12203(a), by subjecting Diaz to retaliation for filing a Charge of Discrimination.

18. On August 20, 2019, Diaz filed a Charge of Discrimination alleging claims of discrimination including claims based on race and religion under Title VII and disability under the ADA. The Notice of Charge was served on Defendant on August 21, 2019. A Notice of Right to Sue was issued and served on Defendant on August 22, 2019.

19. On August 26, 2019, when Diaz attempted to return to work after taking leave from August 19-23, 2019, she discovered that the locks to Defendant's office had been changed and she could not enter. Her access to Defendant's computer files had also been suspended.

20. When she contacted Defendant on August 26th, Diaz was informed that the locks to the office had been changed and her access to files blocked because the company "found out last week that you filed a complaint to EEOC against Rehab Med Care for racial, disability and age discrimination." Diaz was also informed that she had created the situation by filing the Charge of Discrimination. Defendant told Diaz that she would be barred from entering the office as "a necessary precaution" during the EEOC investigation of the Charge although Defendant knew that the Charge had previously been administratively closed by the EEOC on August 22nd.

21. On August 30, 2019, Diaz's employment was terminated by Defendant. In terminating Diaz, Defendant noted in writing that it was better for the company and Diaz to part ways if she [Diaz] felt discriminated against. Defendant also noted that it was "no longer a healthy working environment" if that is how Diaz felt about the company.

22. Diaz engaged in protected activity under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) and Section 503(a) of the ADA, 42 U.S.C. § 12203(a), which prohibit discrimination against an employee or individual for participating in any manner in an investigation, proceeding, or hearing under the two statutes, including filing a Charge of Discrimination with the Commission.

23. Defendant subjected Diaz to an adverse employment action by excluding her form the workplace and then terminating her on the basis of retaliation, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) and Section 503(a) of the ADA, 42 U.S.C. § 12203(a).

24. The effect of these unlawful practices has been to deprive Diaz of equal employment opportunities, and to otherwise adversely affect her employment status as an employee because of her participation in protected activity within the meaning of Title VII and the ADA.

25. As a result of Defendant's unlawful actions, Diaz suffered pecuniary, non-pecuniary, and other losses and damages.

26. The unlawful employment acts, omissions and practices complained of in paragraphs 17-25 above were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1) and Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

27. The unlawful employment practices complained of in paragraphs 17-25 above were done with malice or with reckless indifference to Diaz's federally protected rights, within the meaning of Section 102(b)(1) of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1).

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation for activity protected by Title VII and the ADA.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals who participate in an investigation, proceeding, or hearing under Title VII or the ADA, or otherwise engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make whole Veronica E. Diaz by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 17-25 above, including, but not limited to, reinstatement of Veronica E. Diaz, where appropriate, or an award of front pay, in an amount to be proved at trial, if reinstatement is impractical.

D.	Order Defendant to make whole Veronica E. Diaz by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices described in paragraphs 17-25 above, including, but not limited to, the value of lost insurance benefits, job search expenses, and other out-of-pocket expenses in amounts to be determined at trial.

E.	Order Defendant to make whole Veronica E. Diaz by providing compensation for past and future non-pecuniary losses resulting from its unlawful practices complained of in paragraphs 17-25 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.	Order Defendant to pay Veronica E. Diaz punitive damages for its malicious and reckless conduct, as described in paragraphs 17-25 above, in amounts to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

ROBERT CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

RUDY SUSTAITA
Regional Attorney

KATHY D. BOUTCHEE
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th floor
Houston, Texas 77002

 /s/ Lloyd S. van Oostenrijk
LLOYD S. VAN OOSTENRIJK
Trial Attorney
Attorney-in-Charge
Texas Bar No. 24056467
Southern Dist. of Texas No. 695844
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002
(346) 327-7718
(713) 651-7995 [facsimile]
lloyd.vanoostenrijk@eeoc.gov