United States District Court
Southern District of Texas
**ENTERED**
June 16, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § | Civil Action No. 4:20-CV-04224 |
| v. | § § | |
| REHAB MED-CARE, LLC. d/b/a REHAB MED CARE | § § § | Jury Trial |
| Defendant. | § § § | |

# CONSENT DECREE

The Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that in August 2019, Defendant, Rehab Med-Care, LLC, dba, Rehab Med Care ("Defendant" or "Rehab") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* ("Title VII") and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.* ("ADA"), by unlawfully excluding Veronica E. Diaz ("Ms. Diaz") from the workplace and then terminating her employment in retaliation for having filed a Charge of Discrimination alleging violations of Title VII and the ADA. Defendant has denied the allegations.

The EEOC and Rehab ("the parties") now wish to avoid the risks, uncertainties, delays, and expenses of continued litigation, and have agreed to settle

this lawsuit for the relief specified in this Consent Decree (sometimes referred to "this Decree").

The parties stipulate to the jurisdiction of the Court and the satisfaction of all administrative prerequisites and waive a hearing and the entry of findings of fact and conclusions of law.

**IT IS ORDERED, ADJUDGED AND DECREED** that:

1. This Consent Decree is entered in full and complete settlement of all claims arising out of or asserted in the instant Civil Action No. 4:20-CV-04224 and in EEOC Charge of Discrimination No. 460-2019-06217.

2. The aims of Title VII and the ADA will be furthered by the entry of this Consent Decree, the terms of which constitute a fair and equitable settlement of the parties' underlying dispute.

3. This Consent Decree constitutes the parties' complete understanding of the matters discussed herein.

## I. EFFECTIVE DATE AND DURATION OF DECREE

4. **Effective Date.** The "date of entry" or the "effective date" of this Consent Decree means the date the Court enters this Decree.

5. **Term or Duration of Decree**. This Decree shall remain in effect for a period of four (4) years from the date of entry.

## II.   INJUNCTIVE RELIEF

6.   Defendant, its owners, partners, officers, agents, employees, successors, assigns, and all persons acting in concert or participation with Defendant are enjoined from retaliating against any employee or applicant: (1) who has filed the underlying charge or who files any charge of discrimination with the EEOC; (2) who has participated in or who participates in the investigation of the underlying charge or this litigation or any other investigation or litigation by the EEOC; (3) who has sought or who seeks relief or damages as a result of this or any other investigation or litigation by the EEOC; and/or (4) who has received or who receives relief or damages as a result of this or any other investigation or litigation by the EEOC.

## III.   MONETARY RELIEF

7.   **<u>Settlement Amount and Designation</u>**. In full satisfaction of all claims raised in Civil Action 4:20-CV-04224, Defendant shall pay Veronica Diaz the aggregate sum of **FORTY THOUSAND and 00/100 dollars ($40,000.00)** ("Settlement Amount") directly to Ms. Diaz in installments as set forth in the "Payment Schedule" outlined in Paragraph 8 below. The Settlement Amount is secured by a perfected security interest as granted and assigned in the executed Security Agreement. Of the total Settlement Amount, twenty thousand and 00/100 dollars ($20,000.00) constitutes back wages and the remaining twenty thousand and

3

00/100 dollars $20,000.00 are compensatory damages. Defendant acknowledges and agrees that the total Settlement Amount constitutes a debt owed and collectible by the United States.

8. **Payment Schedule.** Defendant shall pay Ms. Diaz the Settlement Amount in installments, either by Cashier's check and delivered to Ms. Diaz at an address provided by the EEOC or by electronic bank transfer to the bank account and routing number belonging to Ms. Diaz provided by the EEOC as follows:

   a. On the date of its execution of this Consent Decree, Defendant shall pay Ms. Diaz FIVE THOUSAND, FIVE HUNDRED, and 00/100 dollars ($5,500.00).

   b. On June 15, 2022, Defendant shall pay Ms. Diaz FIVE THOUSAND, FIVE HUNDRED, and 00/100 dollars ($5,500.00).

   c. On July 15, 2022, and continuing on each 15th day of the month for 36 consecutive months, Defendant shall pay Ms. Diaz monthly installments of SEVEN HUNDRED FIFTY and 00/100 dollars ($750.00).

   d. On January 15, 2023, Defendant shall pay Ms. Diaz ONE THOUSAND, SEVEN HUNDRED FIFTY and 00/100 dollars ($1,750.00). This amount consists of the monthly payment of seven hundred and fifty dollars ($750.00) discussed in Paragraph 8(c) above, plus an additional one thousand-dollar ($1,000.00) payment.

   e. On February 15, 2023, Defendant shall pay Ms. Diaz ONE THOUSAND, SEVEN HUNDRED FIFTY and 00/100 dollars ($1,750.00). This amount consists of the monthly payment of seven hundred and fifty dollars ($750.00) discussed in Paragraph 8(c) above, plus an additional one thousand-dollar ($1,000.00) payment.

9. **Release of Claims.** In consideration for receipt of the Settlement

4

Amount, Veronica Diaz has executed a Release that waives her right to recover for claims of retaliation under the ADA and Title VII that arose prior to the date of the Release and which were alleged in this lawsuit. A template of the Release is attached hereto as Exhibit A.

10. **Collateral**. Pursuant to the signed Security Agreement, Plaintiff has a perfected security interest that secures payment of the Settlement Amount and all installment payments discussed in Paragraph 8 of this Decree.

11. **Change of Bank or Bank Account**. Veronica Diaz reserves the right to designate a different bank account and routing number for receipt of Defendant's electronic payments under this Decree. If Ms. Diaz changes banks and/or accounts, the EEOC will promptly provide Defendant's Liaison, as defined in Paragraph 36, the new bank and routing number prior to the monthly payment date.

12. **Costs**. Defendant shall bear all costs associated with the payment of the Settlement Amount to Veronica Diaz and each installment payment thereof, as well as all costs involved with notification obligations to the EEOC under this Decree.

13. **Effect of Bankruptcy**. If Defendant files for bankruptcy during the pendency of this Decree, the outstanding Settlement Amount shall become immediately due and payable and shall be a priority debt owed to the United States in any bankruptcy proceedings.

14. **Tax Treatment of Settlement Amount.** As noted in Paragraph 7 of this Decree, twenty-thousand dollars ($20,000.00) of the total Settlement Amount shall constitute back wages, and twenty-thousand dollars ($20,000.00) of the Settlement Amount shall reflect compensation for mental anguish and other non-pecuniary losses such as pain and suffering, personal injury, injury to self-esteem, anxiety, stress, and emotional losses which is not subject to withholding.

No later than January 31, 2023, and continuing by every 31st day of January of each subsequent year until the expiration of this Decree, Defendant shall issue and mail to Veronica Diaz at the address provided by the EEOC to Defendant's counsel, a U.S. Internal Revenue Service (IRS) Form W-2 for the portion of the Settlement Amount paid in the preceding year that constitutes back wages, and an IRS Form 1099 for the amounts paid in the preceding year that constitute compensatory damages.

15. **Responsibility for Additional Tax Payments.** Veronica Diaz shall be solely responsible for payment of any federal, state or local taxes that may be owed in addition to any taxes withheld by Defendant on the Settlement Amount of any installment payment thereof.

16. **Reporting Payments and the Tax Withholding to the EEOC**. On the date Defendant makes an installment payment pursuant to the Payment Schedule in Paragraph 8, Defendant shall provide the EEOC the following information:

    a. Proof that Cashier's check payment or electronic payment was made to Veronica Diaz by the payment deadline; and

    b. A withholding statement for the portion of the payment that constitutes back wages.

## IV.   NON-MONETARY RELIEF

### A. THIRD PARTY INQUIRIES AND PERSONNEL FILES

17. **Job-Related/Third-Party Inquiries.** Defendant, its owners, partners, officers, agents, employees, successors, assigns and all persons acting in concert with it are enjoined from making adverse or disparaging comments, either verbally or in writing, about Ms. Diaz and her employment history with Defendant in response to any job-related third-party inquiry. Defendant shall also not provide third parties any information, verbally or in writing, about: this lawsuit, Ms. Diaz's EEOC Charges of Discrimination against Rehab, her TWC unemployment compensation claim, or any other matters relating to her employment with Defendant. Providing any such information and/or adverse comments to third parties raises a presumption of retaliation proscribed in Paragraph 6 above. Upon any third-party employment inquiry, Defendant shall only communicate Ms. Diaz's dates of employment, her position, that she has provided home health-care services, and her rate of pay at Rehab.

18. **Segregation of Files**. Defendant shall exclude from Veronica Diaz's personnel file, and shall segregate and keep confidential all documents, records, and

information, whether electronic or otherwise, pertaining to her EEOC Charges of Discrimination, this Decree, and/or the lawsuit. Defendant shall further change all information in Ms. Diaz's personnel file(s) to state that she resigned. Any references to Ms. Diaz's ineligibility for rehire shall also be removed from such file(s).

### B. TITLE VII AND ADA TRAINING

19. **Annual Training**. Within ninety (90) calendar days of the entry of this Decree, Defendant shall provide the first of four annual training sessions on Title VII and the ADA with special emphasis on the retaliation prohibitions of both statutes as set forth in Paragraph 21 below, to Defendant's owners, partners, officers, and all supervisory and managerial personnel. Each subsequent annual training shall take place no later than twelve (12) months from the date of each prior training.

20. **Training Requirements.** Each training session shall be live, last at least two hours in length, and at minimum cover: the provisions of Title VII and the ADA, the responsibilities that the statutes impose on Defendant's owners, partners, officers, and employees to prevent retaliation, and role-playing exercises to illustrate the topics discussed. Written materials on the training topics shall be provided to the attendees for their review and subsequent reference. At the conclusion of each training session, each attendee must sign an "Acknowledgement of Training" form.

21. **EEOC's Vetting of Trainer and Training Materials.** Defendant shall hire a lawyer with at least five years of experience handling employment

discrimination matters to provide the live-training sessions described in Paragraphs 20 and 21. At least sixty (60) calendar days before the start of each training session, Defendant shall provide the EEOC, as indicated in Paragraph 38 below, the following information:

    a. The name, address, telephone number, email address and resume of the proposed trainer;

    b. The proposed training agenda that outlines the information that is to be addressed in the training, and

    c. The proposed training materials that are to be distributed at the training session.

22. **EEOC Review and Modifications.** The EEOC shall have fifteen (15) calendar days from the date it receives the information listed in Paragraph 22 to accept modify, or reject the proposed trainer, agenda and/or written materials. If the EEOC does not approve Defendant's designated trainer, or materials, Defendant has fifteen (15) calendar days to identify an alternate trainer and provide a new training agenda and/or training material. The EEOC shall then have another fifteen (15) calendar days from the date of receipt of the new information to accept or reject the trainer, agenda and materials. Defendant shall implement all changes and revisions by the EEOC.

23. **Reporting to the EEOC.** Within fifteen (15) calendar days from the date of each training session, Defendant shall email the EEOC, as indicated in Paragraph 38 below, the following information:

    a. The date and time the training took place;

    b. The identity of the trainer;

    c. The duration of the training;

    d. The "Acknowledgement of Training" form signed by all attendees.

25. **Costs**. Defendant shall bear all the costs stemming from its training requirements and obligations under Paragraphs 20-24.

## C. DRAFTING AND DISTRIBUTION OF EEO POLICIES

26. **Requirements of Policies**. Within ninety (90) calendar days of the entry of this Decree, Defendant shall draft an Equal Employment Opportunity (EEO) workplace policy or policies which, at minimum, shall include:

    a. Prohibition of discrimination based on race, color, national origin, sex, religion, disability and age, and retaliation for engaging in protected activity under Title VII or the ADA.

    b. A requirement that employees who report discrimination or retaliation be informed of their right to file a charge of discrimination and be given the telephone number, mailing address, e-mail address, and website of the EEOC Houston District office.

    c. An admonition that any owner or managerial personnel who receives a complaint of discrimination or retaliation must protect the confidentiality of the complaint and document the complaint and all actions taken by Defendant in response thereto.

    d. Procedures for the prompt investigation of any alleged complaint of discrimination or retaliation and prompt communication to the complaining employee of the results of the investigation and the

      remedial actions taken or proposed, if any.

   e. A warning that any employee, supervisor, manager, or officer who engages in retaliation prohibited by the ADA or Title VII will be disciplined up to and including discharge.

27. **EEOC's Review of Defendant's EEO Policies.** Within sixty (60) calendar days of entry of the Decree, Defendant shall, according to Paragraph 38 below, provide the EEOC the new proposed EEO policies. The EEOC shall provide Defendant any comments or edits it may have to the policies within fifteen (15) calendar days from receipt. Defendant shall then implement the EEOC's edits and any proposed alternative language it may provide.

28. **Implementation and Distribution of EEO Policies.** Within fifteen (15) calendar days from the EEOC's final review of the policies, Defendant shall implement such policies by including them in Rehab's Employee Handbook and in its Policies and Procedures Manual. Also, within fifteen (15) calendar days from the EEOC's final review of the policies, Defendant shall email the final set of policies to all its employees and independent contractors. Thereafter, Defendant shall provide a copy of the policies to all new employees and contractors during the term of this Decree.

29. **Reporting the Implementation and Distribution of the EEO Policies to the EEOC.** On the date Defendant implements and distributes the new

EEO policies to all its workers, Defendant shall provide the EEOC, according to Paragraph 38, a copy of the final policies in the Employee Handbook and a statement indicating the date and manner that Defendant implemented and distributed the policy.

**D. POSTING AND DISTRIBUTION OF NONDISCRIMINATION NOTICE**

30. **Posting and Distribution of Notice**. Within fifteen (15) calendar days of entry of this Decree, Defendant shall email to all its workers and post on one or more physical bulletin boards easily and regularly accessible to all of Rehab's workers, a signed and laminated 8.5 x 11 copy of the Notice to Workers that is attached to this Decree as Exhibit B.

31. **Notice to be Posted for Term of the Decree**. Defendant shall ensure that the Notice described in Paragraph 30 above shall remain posted for the duration of this Decree and that it shall not be altered, defaced, obstructed or moved from its posted location.

32. **Reporting the Posting and Distribution of the Notice to the EEOC.** On the date that Defendant distributes and posts the Notice, Defendant shall email the EEOC, as indicated in Paragraph 38 below, the following information:

    a. A time-stamped photograph of the posted Notice, and

    b. A copy of the email sent to workers containing the Notice.

Each subsequent year, Defendant shall provide the EEOC a time-stamped photo of

the posted Notice that is taken within the week prior to the training compliance report deadline discussed in Paragraph 24.

## V.   JURISDICTION

33. Throughout the life of this Decree, the U.S. District Court for the Southern District of Texas, Houston Division, shall retain jurisdiction to ensure Defendant's compliance with the terms of this Decree and to permit entry of such further orders or modifications as may be appropriate.

## VI.   OPPORTUNITY TO CURE

34. **Breach of the Non-Monetary Provisions of this Decree.** If, upon the EEOC's belief, Defendant has failed to materially comply with any non-monetary provision of this Decree, the EEOC shall notify Defendant's Liaison via email of the breach and provide Defendant **FIFTEEN (15) calendar days** from the date of notice to cure the noncompliance. If Defendant does not cure the alleged breach within the allotted time, the EEOC is specifically authorized to seek Court-ordered enforcement of this Decree. In resolving any dispute relating to Defendant's non-compliance, the Court may implement any and all equitable remedies within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and the imposition of costs and attorneys' fees on Defendant for its non-compliance.

35. **Breach of the Payment Obligations of this Decree**. Upon Defendant's

failure to make an installment payment in accordance with the Payment Schedule outlined in Paragraph 8 of this Decree, the EEOC shall notify Defendant's Liaison of the breach via email and provide Defendant **FIVE (5) calendar days** from the date of notice to pay the correct amount due to Veronica Diaz. If after notice served Defendant fails to cure the breach of its payment obligation to Ms. Diaz, the EEOC is specifically authorized to seek Court-ordered enforcement of this Decree and of the Security Agreement. Plaintiff may seek enforcement in United States District Court for the Southern District of Texas to collect the debt owed under the terms of this Consent Decree and the Security Agreement and seek any other remedies within the Court's inherent authority.

### VII.   LIAISON

36. **Designation of Liaison**. Within five (5) calendar days of the entry of this Decree, Defendant shall designate a company owner as Defendant's Liaison with the EEOC to report Defendant's compliance obligations under Paragraphs 17, 22, 24, 27, 29, 32, 37, and 40 of this Decree and to receive any notices of noncompliance set forth in Paragraphs 34 and 35 above. Any act or failure to act by the Liaison will be attributable to Defendant.

37. **Replacement Liaison**. Within fifteen (15) calendar days of the removal, resignation, or incapacitation of the named Liaison, Defendant shall appoint a replacement Liaison and notify the EEOC by email of the new Liaison's

name, job title, mailing address, e-mail address, and telephone number. The replacement Liaison must be an owner or officer of Defendant and who has the authority to act on behalf of the company in all matters relating to this Decree.

## VIII. NOTICES

38. **EEOC's Contacts and Reporting to the EEOC**. Defendant must transmit all reports, notifications, and other communications required under this Consent Decree to the EEOC by email to all of the following addresses:

> **claudia.molina@eeoc.gov**
>
> **kathy.boutchee@eeoc.gov**
>
> **mary.curry@eeoc.gov**

39. **Replacement or Additional Contacts**. The EEOC may from time to time designate others to receive notices, reports, and information under this Decree. The EEOC will notify Defendant in writing of any such designations.

## IX. MISCELLANEOUS PROVISIONS

40. **Successors-in-Interest.** This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest. Defendant shall notify all such successors-in-interest of the existence and terms of this Decree. Defendant shall also notify the EEOC of any transfer of ownership, sale, or name change, including any change to Defendant's assumed business name, within fifteen (15) calendar days

15

of any such transfer, sale or name change.

41. **Costs of Action**. Each party to this action shall bear its own attorney's fees and costs incurred in connection with this action.

42. **Other Charges and Claims Unaffected.** Nothing in this Consent Decree shall be construed to preclude the EEOC from processing, investigating or litigating any claim or issue arising from any other charge of discrimination against Defendant not resolved by this Decree.

43. **No Implied Waiver**. Plaintiff's failure to exercise, or delay in exercising, any right under this Decree shall operate as a waiver thereof; nor shall any single or partial exercise of any such right preclude the exercise of any other right or the further exercise of any right.

44. **Meet and Confer/Severability**. If any provision of this Consent Decree is found to be unlawful or unenforceable, the parties shall meet and confer in good faith to decide how the provision is to be amended to effectuate the purpose of the Decree. In any event, the remainder of this Decree shall remain in full effect and enforceable.

45.     **Authorized to Execute**. Each party-signatory below certifies that he or she is authorized to execute this document on behalf of the party whom he or she represents.

**IT IS SO ORDERED.**

**THUS, DONE AND SIGNED**, Houston, Texas, this \_\_16th\_\_ day of \_\_June\_\_, 2022.

*David Hittner*
**The Honorable David Hittner**
**United States District Judge**

**APPROVED AND ENTRY REQUESTED:**

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

**/s/ Claudia Molina-Antanaitis**
Claudia Molina-Antanaitis
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith St., 6th Floor
Houston, Texas 77002
Telephone: (346) 327-7711
Facsimile: (713) 651-7995
Email: claudia.molina@eeoc.gov

**FOR DEFENDANT REHAB MED-CARE, LLC:**

*/s/ Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77063
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

# EXHIBIT A

## RELEASE OF CLAIMS

In consideration for the FOURTY THOUSAND and 00/100 ($40,000.00) gross, less applicable withholding required by law, to be paid to me in monthly installments by Rehab Med-Care, LLC, in connection with the resolution of <u>EEOC v. Rehab Med-Care, LLC</u>, Civil Action No. 4:20-cv-04224, in the United States District Court for the Southern District of Texas, I waive my right to recover for, and fully and finally release, any claims of discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Americans with Disabilities Act of 1990, as amended, that I had against Rehab Med-Care, LLC prior to the date of this release, and that were included in the claims alleged in the EEOC's complaint in <u>EEOC v. Rehab Med-Care, LLC</u>, Civil Action No. 4:20-cv-04224.


Date: _____      Signature: _____
                                                   Veronica Diaz

# EXHIBIT B

## NOTICE TO WORKERS
## PURSUANT TO CONSENT DECREE
## FILED IN U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

1. Federal law requires that there be no workplace discrimination on the basis of race, color, national origin, sex, age, religion, disability or genetic information. Federal law also requires that there be no retaliation against any person because the person has opposed unlawful discrimination, filed a charge of discrimination, or testified or participated in any manner in an investigation, proceeding, or hearing regarding alleged discrimination.

2. Rehab Med-Care, LLC will not retaliate against any its workers who has exercised rights under law. It is further committed to ensuring that its workplace is free of discrimination and retaliation. Rehab Med-Care LLC will comply with Federal law in all respects.

3. Any worker who believes they have been the target of unlawful discrimination or retaliation is encouraged to visit the U.S. Equal Employment Opportunity Commission (EEOC) website at www.eeoc.gov or visit the EEOC's local office at 1919 Smith Street, 7th Floor, Houston, Texas 77002.

SIGNED this ___13th___ day of June, 2022.

*SHIRLEY PRAGASA*
_____
on behalf of Rehab Med-Care, LLC.

This NOTICE shall be posted for forty-eight months from the date of signing.